IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 30 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | | |
|---|---|---|
| KEVIN REIMANN and<br>KATIQUE BELLOTT | * * * | |
| Plaintiffs | * | CIVIL ACTION |
| v. | * * | FILE NO. _____<br>1:06-CV-2082-HTW |
| FRED BIGOT, individually and<br>d/b/a PHYSIQUE TRANSFORMATIONS<br>and d/b/a B & B FITNESS and<br>B & B FITNESS ENTERPRISES, INC.<br>d/b/a PHYSIQUE TRANSFORMATIONS<br>and d/b/a B & B FITNESS | * * * * * * * | |
| Defendants | * | |

## VERIFIED COMPLAINT

COME NOW, KEVIN REIMANN AND KATIQUE BELLOTT, Plaintiffs in the above-styled matter, by and through their legal counsel and state this complaint against the Defendants as follows:

### JURISDICTION/VENUE

1. Plaintiffs, Kevin Reimann (sometimes hereafter referred to as "Reimann") and Katique Bellott (sometimes hereafter referred to as "Bellott") are individuals residing in Cobb County, Georgia.

2. Defendant, Fred Bigot (sometimes hereafter referred to as "Bigot"), is an individual residing at 2513 Retreat Drive, Marietta, Georgia in Cobb County, Georgia and may be personally served with the summons and complaint in this action at said address.

3. Defendant, B & B Fitness Enterprises, Inc. (sometimes referred to hereafter as "B & B Fitness, Inc"), is a Georgia corporation with its principal place of business located at 1200 Cobb Parkway North, Suite 500, Marietta Georgia, in Cobb County, Georgia.

4. B & B Fitness, Inc. may be served through its registered agent, Brian Bennett at: 651 Kennesaw Due West Road, Kennesaw, GA 30152.

5. Upon information and belief, Bigot operates a fitness related business under the trade name B & B Fitness.

6. Upon information and belief, Bigot operates a fitness related business under the trade name Physique Transformations.

7. Upon information and belief, B & B Fitness, Inc. operates a fitness related business under the trade name B & B Fitness.

8. Upon information and belief, B & B Fitness, Inc. operates a fitness related business under the trade name Physique Transformations.

9. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 1337 and 1367, and Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act")(15 U.S.C. §78aa).

10. This action arises under Section 10(b) of the Exchange Act (15 U.S.C. §§78j(b)) and Rule 10b-5 promulgated under Section 10(b)(17 C.F.R. §240

11. 10b-5).

12. Venue is proper under Section 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391 (b) and (c), as a substantial part of the events or omissions giving rise to the claims occurred in the judicial district of this Court, and Defendants are subject to the personal jurisdiction of this Court.

## FACTUAL BACKGROUND

13. On or about, February 18, 2006, Plaintiffs entered into an agreement (hereinafter the "Agreement") with Defendants in which Plaintiffs promised to invest ONE HUNDRED FIFTEEN THOUSAND DOLLARS ($115,000.00) in businesses named B & B Fitness and Physique Transformations. A copy of said Agreement is attached hereto as Exhibit A.

14. In return for their investment, Plaintiffs were promised a fifteen percent (15%) ownership in B & B Fitness and Physique Transformations (hereinafter collectively referred to as the "Business").

15. Pursuant to the Agreement, Plaintiffs provided Defendants with THIRTY TWO THOUSAND FIVE HUNDRED DOLLARS ($32,500.00).

16. Plaintiffs never received their fifteen percent (15%) ownership in the Business.

17. On or about March 13, 2006, the parties agreed to rescind their transaction.

18. On or about March 13, 2006, Defendants provided check number 1067 dated April 15, 2006 in the amount of Seven Thousand Dollars ($7,000.00) towards the refund of Plaintiffs' investment. A copy of said check is attached hereto as Exhibit B.

19. Defendants promised to make monthly installments towards the refund of Plaintiffs' investment.

20. On or about April 15, 2006, Bigot notified Reimann that check number 1067 would not be honored by the bank on which it was drawn.

21. Defendants failed to make any of the payments as required under the contract rescission agreement.

## COUNT 1 – SECURITIES FRAUD

22. Plaintiffs incorporate paragraphs 1 through 21 of this Complaint by reference, with the same force and effect as if fully set forth herein.

23. Plaintiffs' investment for a fifteen percent (15%) interest in the Business are securities within the meaning of Section 78(c)(a)(10) of the Exchange Act.

24. In connection with the sale of the Business securities to Plaintiff, Defendants falsely represented the Business' financial condition constituting misleading statements and omissions.

25. In connection with the sale of the Business securities to Plaintiff, Defendants falsely represented the Business' organizational condition constituting misleading statements and omissions.

26. Defendants failed to make the statutory disclosures as required by the Securities Act of 1933, as amended, and the Exchange Act.

27. Plaintiffs reasonably relied on the misstatements and omissions of Defendants regarding the sale of the securities, and were damaged as a result.

28. But for Defendants misrepresentations and omissions, Plaintiff would not have purchased the Business securities.

29. Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and are liable to Plaintiffs, jointly and severally, in an amount to be determined at trial, but in no event less than $32,500.00.

## COUNT II – COMMON LAW FRAUD

30. Plaintiffs incorporate paragraphs 1 through 29 of this Complaint by reference, with the same force and effect as if fully set forth herein.

31. Defendants falsely represented the Business' financial condition constituting misleading statements and omissions.

32. Defendants falsely represented the Business' organizational condition constituting misleading statements and omissions.

33. Plaintiffs reasonably relied on the misstatements and omissions of Defendants regarding the financial and organizational condition of the Business, and were damaged as a result.

34. But for Defendants misrepresentations and omissions, Plaintiff would not have purchased the Business securities.

35. As a direct and proximate result of Defendants actions, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than $32,500.00.

## COUNT III – BREACH OF CONTRACT

36. Plaintiffs incorporate paragraphs 1 through 35 of this Complaint by reference, with the same force and effect as if fully set forth herein.

37. The mutual decision to rescind the Agreement constitutes a contract between the parties (hereinafter the "Rescission Agreement").

38. The Rescission Agreement contained definite and enforceable terms.

39. Defendants made partial payment towards fulfillment of the Rescission Agreement.

40. Defendants have breached the Rescission Agreement.

41. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than $32,500.00.

## COUNT IV – BAD CHECK

42. Plaintiffs incorporate paragraphs 1 through 41 of this Complaint by reference, with the same force and effect as if fully set forth herein.

43. On or about March 13, 2006, Bigot issued check number 1067 dated April 15, 2006 in the amount of Seven Thousand Dollars ($7,000.00) towards the refund of Plaintiffs' investment.

44. On or about April 15, 2006, Bigot notified Reimann that the check would not be honored by the bank on which it was drawn.

45. Bigot is hereby notified that pursuant to O.C.G.A. §16-9-20, check number 1067, dated April 15, 2006, in the amount of $7,000.00 (Wachovia Bank, NA) drawn upon B & B Fitness Enterprises, Inc. and payable to Kevin Reimann, has been dishonored. Pursuant to Georgia law, you have ten (10) days from receipt of this notice to tender payment of the total amount of the instrument(s) plus the applicable service charge of $25.00, the total amount due being SEVEN THOUSAND TWENTY FIVE DOLLARS ($7025.00). Unless this amount is paid in full within the specified time above, a presumption in law arises that you delivered the instrument(s) with the intent to defraud and the dishonored instrument(s) and all other available information relating to this incident may be submitted to the magistrate for the issuance of a criminal warrant or citation or to the district attorney or solicitor-general for criminal prosecution.

## COUNT V – LITIGATION EXPENSES

46. Plaintiffs incorporate paragraphs 1 through 45 of this Complaint by reference, with the same force and effect as if fully set forth herein.

47. Defendants have engaged in intentional tortious conduct.

48. Defendants have acted in bad faith.

49. Defendants have been stubbornly litigious.

50. As a direct and proximate result of Defendants actions, Plaintiffs have incurred unnecessary trouble and expense.

51. As a result, Plaintiffs are entitled to recover the expenses of litigation, including a reasonable sum as attorney's fees, in such amounts as are shown by proper evidence upon the trial of this case.

52. Plaintiffs are entitled to a judgment against Defendants, jointly and severally, for such fees and expenses.

53. In addition, Defendants are hereby notified that the have ten (10) days from the date of service of this lawsuit to pay the aforementioned indebtedness of $32,500.00 as of July 17, 2006, in full to avoid the attorneys' fees in the amount of fifteen percent (15%) of said sum, pursuant to O.C.G.A. § 13-1-11.

## COUNT VI – PUNITIVE DAMAGES

54. Plaintiffs incorporate paragraphs 1 through 53 of this Complaint by reference, with the same force and effect as if fully set forth herein.

55. Defendants have acted with malice.

56. Defendants have acted with a conscious disregard for the rights of Plaintiff.

57. Defendants have acted with a willful and conscious indifference.

58. Defendants have acted with the specific intent to harm Plaintiffs.

59. As a result of such egregious and intentionally tortious conduct, Plaintiffs are entitled to recover punitive damages against each Defendant in an amount reasonable calculated to deter such conduct in the future.

WHEREFORE, Plaintiffs pray for the following relief:

    a. that summons and process issue as provided by law; and

    b. that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but in no event less than $32,500.00 as set forth in Count I of the Complaint.;

c.  that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but in no event less than $32,500.00 as set forth in Count II of the Complaint;

d.  that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but in no event less than $32,500.00 as set forth in Count III of the Complaint.;

e.  that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but in no event less than $7,025.00 as set forth in Count IV of the Complaint;

f.  that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, as set forth in Count V of the Complaint;

g.  that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, as set forth in Count VI of the Complaint;

h.  that Plaintiffs be awarded all costs of this action;

    i.      that this case be tried before a jury;

    j.      that this Court order such other and further relief as it deems proper under the circumstances.

This 14th day of August, 2006.

/s/ IAN M. FALCONE
Ian M. Falcone
GA BAR NO. 254470
Attorney for Plaintiffs

THE FALCONE LAW FIRM, P.C.
363 Lawrence Street
Marietta, GA 30060
(770) 426-9359
(770) 426-8968 (FAX)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN REIMANN and | * | |
| KATIQUE BELLOTT | * | |
| Plaintiffs | * | CIVIL ACTION |
| v. | * | |
| | * | FILE NO. _____ |
| FRED BIGOT, individually and | * | |
| d/b/a PHYSIQUE TYRANSFORMATIONS | * | |
| and d/b/a B & B FITNESS and | * | |
| B & B FITNESS ENTERPRISES, INC. | * | |
| d/b/a PHYSIQUE TYRANSFORMATIONS | * | |
| and d/b/a B & B FITNESS | * | |
| Defendants | * | |

## VERIFICATION

STATE OF GEORGIA )
) ss.:
COUNTY OF COBB )

PERSONALLY appeared before the undersigned attesting officer authorized by law to administer oaths, , who, being first duly sworn, on oath deposes and says that the facts alleged in the above and foregoing VERIFIED COMPLAINT are true and correct.

_____
KEVIN REIMANN

Sworn to and subscribed before
me this 2nd day of August, 2006.

_____
Notary Public      (Seal)

MY COMMISSION EXPIRES NOV. 30, 2009

_____
KATIQUE BELLOTT

Sworn to and subscribed before
me this 2nd day of August, 2006.

_____
Notary Public      (Seal)

- Page 13